# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
IVY E. GOWANS,                         *
                                       *
              Petitioner,              *       No. 14-440V
                                       *       Special Master Christian J. Moran
v.                                     *
                                       *       Filed:  April 12, 2017
SECRETARY OF HEALTH                    *
                                       *       Attorneys' fees and costs, attorney's
              Respondent.              *       reasonable hourly rate
* * * * * * * * * * * * * * * * * * * *
```

Christopher E. Hultquist, Law Office of Christopher E. Hultquist, Esq.,
Providence, RI, for Petitioner;
Ann D. Martin, U.S. Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Ivy E. Gowans filed a motion for attorneys' fees and costs.  Ms. Gowans is awarded **$81,605.16.**

\* \* \*

Ms. Gowans alleged that the human papillomavirus vaccine caused her to suffer Guillain-Barré Syndrome.  Ms. Gowans was awarded compensation based on the parties' stipulation.  Decision, filed June 16, 2016, 2016 WL 3886296. With the merits of her case resolved, Ms. Gowans filed the pending motion for attorneys' fees and costs.  Ms. Gowans requested $82,617.91, representing $66,536.50 in attorneys' fees and $16,081.41 in attorneys' costs.  Pet'r's Mot. for Fees, filed Jan. 27, 2017, at 8.  Pursuant to General Order No. 9, Ms. Gowans did not personally incur any costs in pursuit of this litigation.  On February 7, 2017,

---

[1] The E-Government Act, 44 §3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. §300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

the Secretary filed a response to the application.  The Secretary did not raise any specific objections and stated that he was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed Feb. 7, 2017, at 2.

This matter is now ripe for adjudication.

## I.   **Attorneys' Fees**

Because Ms. Gowans received compensation, she is entitled to an award of reasonable attorneys' fees by right.  42 U.S.C. § 300aa-15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, the lodestar yields a reasonable amount of attorneys' fees.  Thus, the analysis below centers on the two components of the lodestar formula — a reasonable hourly rate and a reasonable number of hours.

### A.   Reasonable Hourly Rate

Ms. Gowans requests compensation for her attorney, Christopher E. Hultquist.  For work in this case, Mr. Hultquist has charged $350.00 per hour.  Additionally, two paralegals worked on the case, Jennifer Lin, who billed at $140.00 per hour, and Tanya Arruda, who billed at $145.00 per hour.

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside of the District of Columbia and the attorneys' rates are substantially lower.  Id. (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all of the attorney's work was done outside of the District of Columbia.

Thus, under Avera, determination of an attorney's hourly rate is a three-step process.  "First, the hourly rate in the attorneys' local area must be established.

Second, the hourly rate for attorneys in Washington, DC must be established. Third, these two rates must be compared to determine whether there is a very significant difference in compensation." <u>Masias v. Sec'y Health & Human Servs.</u>, No. 99-697V, 2009 WL 1838979, at *4 (Fed. Cl. Spec. Mstr. June 12, 2009) (citing <u>Avera</u>, 515 F.3d 1353 (Rader, J. concurring)), <u>aff'd</u>, 634 F.3d 1283 (Fed. Cir. 2011), <u>corrected</u>, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013).

The petitioner is responsible for producing satisfactory evidence "that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Blum</u>, 465 U.S. at 896.

1.    Local (Providence, Rhode Island) Rate

In this case, Ms. Gowans has requested that Mr. Hultquist receive a rate of $350.00 per hour for his work.  In support of the proposed hourly rate, Ms. Gowans detailed Mr. Hultquist's qualifications.  Mr. Hultquist received his Juris Doctorate from Suffolk University Law School in 1994. Pet'r's Mot. for Fees at 1. He was admitted to practice in the State of Rhode Island in 1994 and the Commonwealth of Massachusetts in 1995. <u>Id.</u>  Mr. Hultquist served as a clerk in the Rhode Island Supreme Court from 1994-95, and has been continuously practicing law since then.  <u>Id.</u>  He primarily practices in the areas of medical malpractice, product liability, and catastrophic injury.  <u>Id.</u>  His customary billing rate for complex litigation is $350.00 per hour, which he described as reasonable in comparison to the rates charged for complex litigation in the areas of Providence, Rhode Island and Boston, Massachusetts for an attorney with more than 20 years of experience.  <u>Id.</u> at 1-2.  Mr. Hultquist has not stated whether he is claiming forum or local rates.

Although Ms. Gowans provided evidence of Mr. Hultquist's expertise, she has not presented persuasive evidence to justify Mr. Hultquist's proposed hourly rate.  The Office of Special Masters has advised attorneys about the information that is helpful when determining an attorney's hourly rate.  <u>See</u> Office of Special Masters, <u>Guidelines for Practice under the National Vaccine Injury Compensation Program</u> (rev. ed. 2014) Sec. X, Chap. 3, ¶¶ B.1.a. and B.1.c.  The Guidelines implement the Federal Circuit's instruction that "the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Raney v. Federal Bureau of Prisons</u>, 222 F.3d 927, 938 (Fed. Cir.

3

2000) (quoting <u>Blum</u>, 465 U.S. at 895 n.11).  Given the sparse evidence provided by petitioner to support any rate, the undersigned must look elsewhere for evidence.  See <u>Dougherty v. Sec'y of Health & Human Servs.</u>, No. 05-700V, 2011 WL 5357816, at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) ("When the parties do not provide reliable evidence, the court can look to other evidence to establish a reasonable hourly rate.") (citing <u>Rupert ex. rel. Rupert v. Sec'y of Health & Human Servs.</u>, 52 Fed. Cl. 684, 688-89 (Fed. Cl. 2002)).

Decisions from courts in the relevant geographic area provide information helpful in determining a reasonable hourly rate for an attorney.  Four cases are relevant.  The Rhode Island Superior Court addressed the reasonable hourly rate for attorneys' work done in a case brought under the Rhode Island Wages Act. <u>Genexion, Inc. v. Rhode Island Dept. of Labor and Training</u>, No. PC-2011-1625, 2016 WL 3038956, at *8 (R.I. Super. Ct. May 25, 2016).  The attorneys performed work on this case between 2011 and 2014.  <u>Id.</u>  For both the attorney who graduated in 2006 and the attorney who graduated in 2008, the Rhode Island Superior Court determined that $350 per hour was a reasonable rate.  <u>Id.</u>

The United States District Court in Rhode Island addressed the reasonable hourly rate for an attorney who worked on a case involving an ERISA violation in 2012 and 2013.  <u>Plasterers' Cement Masons' Local 40 Pension Fund v. D & M Concrete Finishing</u>, No. CA 12-256 S, 2013 WL 2432420, at *2 (D.R.I. June 4, 2013).  The attorney who worked on this case graduated from law school in 2003 and the court determined that $240 per hour was a reasonable rate of compensation.  <u>Id.</u>

In a 2015 decision, the District Court addressed what should be considered a reasonable hourly rate in the context of a case appealing an administrative decision pursuant to the Individuals with Disabilities Education Act.  <u>South Kingstown School Committee v. Joanna S</u>, No. CA 13-127-ML, 2015 WL 1915771, at *5 (D.R.I. Apr. 27, 2015).  The court addressed reasonable rates for both attorneys that worked on the case between the years of 2012 and 2015.  <u>Id.</u>  An affidavit stated that in Rhode Island, an experienced attorney handling a special education case at the administrative level customarily charged between $250 and $300 per hour and charged between $250 and $350 per hour for handling litigation at the federal level.  <u>Id.</u>  The lead attorney was experienced in special education litigation and graduated from law school in 1998.  <u>Id.</u>  The second attorney graduated from law school in 1997, but had only five years of experience in education law.  <u>Id.</u> The plaintiff requested compensation at the rate of $300 per hour and $275 per

hour.  The defendant did not object to the proposal and the court, implicitly, adopted those rates.  Id.

The district court also addressed the reasonableness of attorneys' hourly rates in a 2016 Title VII decision.  Franchina v. City of Providence, No. C.A. 12-517-M-LDA, 2016 WL 6601430, at *1 (D.R.I. Nov. 7, 2016).  The court noted that the factual and legal issues in this case were difficult and complex.  Id.  The hourly rates were representative of work done in four years of litigation spanning 2012 to 2016.  Id.  The Court found the three attorneys' hourly rates to be reasonable.  Id. at *2.  First, the court found a rate of $250 and $350 per hour to be reasonable for an attorney who graduated from law school in 2009.  Id.  Second, the court found that an attorney who graduated from law school in 2012 reasonably charged $300 per hour.  Id.  Third, the court found an hourly rate of $225 to be reasonable for an attorney who was admitted to the Rhode Island Bar in 2010.  Id.

Overall, this survey of cases suggests that a reasonable hourly rate for a Rhode Island attorney ranges from $225 per hour to $350 per hour, depending on the attorney's experience and the case's complexity.  Under these circumstances, a reasonable hourly rate for Mr. Hultquist is $325.

2.      Forum (Washington, DC) Rate

Although Ms. Gowans has not explicitly claimed that Mr. Hultquist is entitled to a forum rate, the next step in the process is to determine the hourly rates for attorneys in Washington, D.C.  The McCulloch matrix details the range of reasonable hourly rates for attorneys in Washington, D.C.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).

Within the McCulloch matrix, the relevant ranges for determining Mr. Hultquist's hourly rate would be attorneys with 20 – 30 years of experience, who would be awarded $350 - $425 per hour and attorneys with 11 – 19 years of experience, who would be awarded $300 - $375 per hour.  Although Mr. Hultquist has more than 20 years of experience, this is only his second case in the Vaccine Program.  Both of his cases were resolved through stipulation.  Cruz v. Sec'y of Health & Human Servs., No. 11-183V, 2013 WL 5315560 (Fed. Cl. Spec. Mstr. Aug. 19, 2013); Gowans v. Sec'y of Health & Human Servs., No. 14-440V, 2016 WL 3886296 (Fed. Cl. Spec. Mstr. June 16, 2016).  To account for his relative inexperience in the Vaccine Program, the hypothetical forum rate for an attorney with Mr. Hultquist's experience and qualification is $350.

5

   3.   Comparison between Two Rates

The final step in the process is to compare the reasonable rate in Rhode
Island to the forum rate in Washington, D.C. to determine if there is a significant
difference between them.  A formula is often used to calculate the percentage of
difference.  <u>Garrison v. Sec'y of Health & Human Servs.</u>, 14-762V, 2016 WL
3022076, at *7 n12 (Fed. Cl. Spec. Mstr. Apr. 29, 2016) (setting out formula for
determining the percentage difference of local and forum rates), <u>mot. for rev.
denied</u>, 128 Fed. Cl. 99 (2016).  The calculation for this case would be [($350-
$325)/$325] x 100.  Here, the formula indicates that the local (Providence) rate is
approximately 7.7 percent lower than the forum (Washington) rate.  This
difference is not very significant.

Accordingly, for these reasons, a reasonable hourly rate for Mr. Hultquist's
work in this case is $350.

In addition to seeking compensation for Mr. Hultquist, Ms. Gowans also
requested compensation for the paralegals, Ms. Lin and Ms. Arruda.  Based on the
analysis above, the paralegals will also be compensated at the forum rate.
Therefore, Ms. Lin and Ms. Arruda will receive an hourly rate of $135.
<u>McCulloch</u>, 2015 WL 5634323, at *19.

   B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.
Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See
Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993).
The Secretary also did not directly challenge any of the requested hours as
unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed
the fee application for its reasonableness.  <u>See Shea v. Sec'y of Health & Human
Servs.</u>, No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10,
2015) ("special masters are not obligated to evaluate an attorney's billing records
on a line-by-line basis in making the reasonableness determination … and certainly
need not do so when Respondent has not attempted to highlight any specific
alleged inefficiencies.").

The hours requested appear to be a reasonable with two exceptions. Attorneys will not be compensated for the time they spend familiarizing themselves with the practices of the Vaccine Program. See Lord v. Sec'y of Health & Human Servs., No. 12-255V, 2016 WL 3960445, at \*4 (Fed. Cl. Spec. Mstr. June 20, 2016); Carter v. Sec'y Health & Human Servs., No. 04-1500V, 2007 WL 2241877, at \*5 (Fed. Cl. Spec. Mstr. July 13, 2007) ("an inexperienced attorney may not ethically bill his client to learn about an area of the law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task").  Therefore, each individual's total hours will be reduced by the amount of time spent educating themselves about the Vaccine Program.

In addition, Mr. Hultquist billed at his usual hourly rate, despite performing tasks similar to what his paralegal did.  See Timesheets.  Tasks "that a paralegal can accomplish should be billed at a paralegal's hourly rate." Riggins v. Sec'y of Health & Human Servs., 99-382V, 2009 WL 3319818, at \*25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. denied (slip. op. Dec. 10, 2009), aff'd, 406 Fed. Appx. 479 (Fed. Cir. 2011).  Therefore, the attorneys' fees will be reduced to reflect those hours being billed at the paralegal's hourly rate.

Therefore, Ms. Gowans is awarded a total of $65,523.75 in attorneys' fees. The following are the calculations used to reach this amount.

Mr. Hultquist: $350 x 182.1 hours + $135 x 3.35 hours
Ms. Lin: $135 x 9.6 hours
Ms. Arruda: $135 x 0.3 hours

## II.   Attorneys' Costs

In addition to seeking an award for attorneys' fees, Ms. Gowans seeks compensation for costs expended in the amount of $16,081.41.  This amount represents routine costs and the cost of an expert.  The routine costs amount to $2,081.41.  They are adequately documented, reasonable, and awarded in full.

The majority of the costs is associated with Dr. Nizar Souayah, who served as an expert in this case.  Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.  See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at \*3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  Dr. Souayah

billed at a rate of $500 per hour, for a total of 28 hours, making his total request $14,000.00.

Dr. Souayah has previously sought an hourly rate of $425 and $500 for his work on cases in the Vaccine Program.  Chevalier, 2017 WL 490426, at *3; Larder v. Sec'y of Health & Human Servs., No. 09-097V, 2016 WL 3044838, at *7 (Fed. Cl. Spec. Mstr. Apr. 20, 2016); Daniel v. Sec'y of Health & Human Servs., No. 10-745V, 2016 WL 7785955, at *3.  Both of these rates are consistent with the rates awarded to neurologists by special masters.  See Brown v. Sec'y of Health & Human Servs., No. 09-426V, 2012 WL 952268, at *11 (Fed. Cl. Spec. Mstr. Feb. 29, 2012) (awarding Dr. Lawrence Steinman, a neurologist based in Stanford, California, $450-$500 per hour).  Therefore, Dr. Souayah's requested rate of $500 is reasonable.

In this case, the proposed hours cannot be accepted so readily.  Experts, like attorneys, should avoid billing in blocks.  Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013).  Dr. Souayah's invoice lists general descriptions of his activity for long periods of time.  This made it more difficult to evaluate the reasonableness of the hours logged by Dr. Souayah.  However, special masters may rely on their prior experience when making reasonable fee determinations.  See Saxton, 3 F.3d at 1521.  The number of hours requested is found to be reasonable.  Therefore, the cost of $14,000.00 shall be awarded in full.  Nevertheless, Ms. Gowans is ORDERED to provide a copy of this decision to Dr. Souayah so that Dr. Souayah will prepare invoices that describe his activities with more detail in the future.

\* \* \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $81,605.16 ($65,523.75 in fees and $16.081.41 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards **$81,605.16** in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $81,605.16, in the form of a check made payable to petitioner and petitioner's attorney, Christopher E. Hultquist, Law Office of Christopher E. Hultquist, Esq., for attorneys' fees and other litigation costs available under 42 U.S.C. §300aa-15(e).**

8

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith. [2]


**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2]Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.